Supreme Court properly granted the motion of defendant seeking summary judgment dismissing the complaint against it. We note at the outset that plaintiff has failed to address any issues with respect to those parts of the motion seeking summary judgment dismissing the causes of action for breach of express and implied warranties, and we thus deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). With respect to the remaining two causes of action, for strict products liability and negligence, defendant met its initial burden by submitting the affidavit of the engineer responsible for the design of the forklift truck, who averred that the forklift truck met all applicable safety standards relating to its design (*see Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967 [2004]). Plaintiff failed to raise a triable issue of fact in opposition to the motion by submitting the affidavit of her expert. It does not appear on the record before us that plaintiff's expert "has any experience or personal knowledge in the design, manufacture or use of forklift trucks, nor is the expert's conclusion that the forklift truck was defective and unsafe . . . supported by foundational facts, such as a deviation from industry standards or statistics showing the frequency of injuries caused by using such a forklift truck" (*Geddes v Crown Equip. Corp.*, 273 AD2d 904, 905 [2000]; *see Wesp*, 11 AD3d at 967).

With respect to the cause of action for failure to warn, defendant met its initial burden by establishing that plaintiff was aware of the hazards of operating the forklift truck without properly wearing her safety belt and ensuring that the supplemental platform was securely attached to the forklift truck. Under the circumstances, defendant had no duty to warn plaintiff because " 'a warning would have added nothing to [her] appreciation of the danger' " (*Theoharis v Pengate Handling Sys. of N.Y.*, 300 AD2d 884, 886 [2002], quoting *Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998]). In any event, we conclude that the warning label affixed to the forklift truck adequately communicated the dangers at issue (*see id.*). Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.

■ In the Matter of MICHAEL SANTANA, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [887 NYS2d 925]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered April 23, 2009) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ In the Matter of RICKIE DRAWHORN, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [887 NYS2d 925]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered April 23, 2009) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ In the Matter of IVORY SHIRE, Petitioner, v NORMAN B. BEZIO, Director, Special Housing Disciplinary, Respondent. [887 NYS2d 925]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Livingston County [Robert B. Wiggins, A.J.], dated March 30, 2009) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated an inmate rule.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ In the Matter of FRANKLYN FRIAS, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [887 NYS2d 925]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered April 23, 2009) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed. Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDA BUTLER, Appellant. (Appeal No. 1.) [887 NYS2d 924]—Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered November 9, 2007. The judgment